IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Jonathan A. Catlin, | ) | |
| | ) | Case No. 04 C 2590 |
| Plaintiff, | ) | |
| | ) | Hon. Harry D. Leinenweber |
| v. | ) | U.S. District Court Judge |
| | ) | |
| County of DuPage, et. al., | ) | Hon. Edward A. Bobrick |
| | ) | U.S. Magistrate |
| Defendants. | ) | |

## NOTICED OF FILING

To: James H. Knippen, Esq.
Walsh, Knippin, Knight & Diamond, Chtd.
601 W. Liberty Drive
Wheaton, IL 60187

YOU ARE HEREBY NOTIFIED that at on July 23, 2004 the undersigned filed Plaintiffs' Amended Complaint with the Clerk of the U.S. District Court at 219 S. Dearborn street, Chicago, Illinois, a copy of which is herewith enclosed and served upon you.

_____
Walter P. Maksym, Plaintiff's Attorney

## PROOF OF SERVICE

The undersigned certifies that he served true, correct and sufficient copies of the foregoing document to the persons above listed by placing same in a properly addressed, sealed envelope with proper postage affixed and depositing same in the U.S. Mail at Chicago, Illinois on July 23, 2004.

_____

Walter P. Maksym
Attorney at Law
2056 N. Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Jonathan A. Catlin, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04 C 2590 |
| | ) | |
| County of DuPage, a political | ) | Hon. Harry D. Leinenweber |
| subdivision of the State of | ) | U.S. District Court Judge |
| Illinois, John Zaruba, | ) | |
| Sheriff of DuPage County | ) | Hon. Edward A. Bobrick |
| Illinois and Unknown County | ) | U.S. Magistrate |
| of DuPage "Undercover" | ) | |
| Sheriff's Deputies, | ) | TRIAL BY JURY DEMANDED |
| individually and as agents | ) | |
| and employees of the County | ) | |
| of DuPage, all d/b/a DuPage | ) | |
| County Major Crimes Task | ) | |
| Force an entity of unknown | ) | |
| legal character, City of | ) | |
| Wheaton, a municipal | ) | |
| corporation of the State of | ) | |
| Illinois, Bill Cooley, A. | ) | |
| Uhlir, A. Fanning, M. Hale, | ) | |
| and Mark Field, individually | ) | |
| and as officers, employees | ) | |
| and agents of the City of | ) | |
| Wheaton, and agents of the | ) | |
| DuPage County Task Force, | ) | |
| and John and Jane Does not | ) | |
| presently known, | ) | |
| | ) | |
| Defendants. | ) | |

### AMENDED COMPLAINT

Now Comes the Plaintiff, Jonathan A. Catlin, (hereinafter referred to as "Catlin"), by his attorney, Walter P. Maksym, and complains of the Defendants, County of DuPage, John Zaruba, Sheriff of DuPage County Illinois and unknown County of DuPage "Undercover" Sheriff's Deputies and of the "DuPage County Major Crimes Task Force" an entity of unknown legal character, the City of Wheaton, Illinois, Bill Cooley, A. Uhlir, A. Fanning, M. Hale, and Mark Field, individually and as officers, employees and agents of the City of Wheaton, and currently unidentified agents of the "DuPage County Task Force" and John and Jane Does not

presently known, (hereinafter sometimes referred to as jointly as the "Defendants") and alleges as follows:

### Nature of the Action

1. Catlin brings these actions against the Defendants to recover damages for wrongful assault, battery, and false arrest, false imprisonment and illegal detention, use of excessive force, personal injuries and property damage which were visited upon him by Defendants under color of state law and pursuant to a conspiracy to deprive him of his rights, privileges, and immunities secured by the United States Constitution despite the fact that he was a peaceful, law abiding citizen innocent of any crime or wrongdoing.

2. This Complaint alleges claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983, as well as claims under Illinois common law governing assault, battery, false arrest, false imprisonment, excessive force, conspiracy, intentional infliction of emotional distress, negligence, personal injury, and property damage.

### Jurisdiction

4. This Court has original jurisdiction of Catlin's federal law claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). The Court has jurisdiction of Catlin's state law claims pursuant to 28 U.S.C. § 1367.

### Venue

5. Venue in the Northern District of Illinois, Eastern Division is proper pursuant to 28 U.S.C. § 1391(a) in that Plaintiff's claims arose within this District out of a the false and wrongful arrest and related wrongful conduct and use of excessive force which occurred in the County of DuPage, State of Illinois, as is hereinafter more particularly alleged and all of the defendants reside within this District.

### Parties

6. Catlin was, at all times relevant, a reputable, law abiding, adult resident and citizen of Downers Grove,

Illinois and prior to and at the time of the events alleged herein had no criminal record of arrest or conviction.

7. That Defendant County of DuPage (hereinafter referred to as "DuPage County" is and was at all times relevant, regarding the misconduct for which it and its agents, offices and employees are sued in this Complaint, a political subdivision of and a municipal corporation duly organized under the laws of the State of Illinois, and as such is and was responsible for the policies, practices, customs and actions of the its Sheriff, deputies, detectives, officers, agents and employees (hereinafter sometimes jointly referred to as the "DuPage Deputies") and maintained its main offices in City of Wheaton, Illinois.

8. That, on information and belief and at all times relevant, Defendant John Zaruba (hereinafter referred to as "Sheriff Zaruba" is and was the duly elected Sheriff of DuPage County Illinois and certain Defendants identified herein as Unknown DuPage County "Undercover Sheriff's Deputies", were at all times relevant agents and employees of the DuPage operating under the identity of the "DuPage County Major Crimes Task Force" an entity of unknown legal character (hereinafter sometimes referred to as the "Du Page County Task Force") which, on information and belief, were at all times relevant functioning under and/or pursuant to, regarding the misconduct for which Defendants are sued, an inter-governmental compact or agreement between the City of Wheaton and DuPage County or otherwise in concert with an entity or entities comprised of various municipal law enforcement organizations, and as such is and was responsible for the policies, practices, and customs of the its detectives, officers, agents and employees, and operated in and about DuPage County Illinois. Because of Defendant's undercover and covert activities Plaintiff is presently unable to determine or know the facts surrounding the full relationship of said parties without the aid of discovery.

3

9. That, on information and belief and at all times relevant, Defendant City of Wheaton (hereinafter sometimes referred to as "Wheaton") was, regarding the misconduct for which it and its agents, offices and employees are sued in this Complaint, a municipal corporation duly organized under the laws of the State of Illinois, and as such is and was responsible for the policies, practices, customs and actions of the its Police, Detectives, officers, agents and employees (hereinafter sometimes jointly referred to as the "Wheaton Police") and maintained its offices in City of Wheaton, Illinois.

10. That, on information and belief and at all times relevant, Defendants Bill Cooley (hereinafter referred to as "Cooley"), A. Uhlir (hereinafter referred to as "Uhlir"), A. Fanning (hereinafter referred to as "Fanning"), M. Hale (hereinafter referred to as "Hale") and Mark Field (hereinafter referred to as "Field"), on information and belief, and regarding the misconduct for which they are sued in this Complaint, were and represented and held themselves out to be agents, officers and employees of City of Wheaton and the "DuPage County Task Force" of the DuPage County. Defendants Wheaton, Cooley, Uhlir, Fanning and field are hereinafter sometimes referred to as the "Wheaton Defendants"). On information and belief, at all times relevant the Wheaton Defendants operated in combination and consort with and/or under the direction, supervision and control and as agents and/or in cooperation and consort with of the "DuPage County Task Force" of the DuPage County and its Undercover Sheriff's Deputies and Sheriff Zaruba.

11. That Defendants John and Jane Does and all others whose identities are not presently known, were at all relevant times relevant, also agents and employees of City of Wheaton and/or the Wheaton Police and/or the "Du Page County Task Force" and/or the County of DuPage and/or Sheriff Zaruba.

4

12. That on information and belief and at all times relevant, each of the above-named Defendants were acting under color of law or were acting jointly and/or in conspiracy with persons acting under color of law. Cooley, Uhlir, Fanning, Hale, Field, Sheriff Zaruba, the Undercover Sheriff's Deputies, Defendants John and Jane Does and all others whose identities are not presently known are sued in their individual and official capacities.

### Facts Common to All Counts

13. On or about August 20, 2003 at approximately 12:30 p.m. Catlin had just left his place of employment at 1201 Butterfield road in Downers Grove, Illinois was peaceably and lawfully riding his motorcycle (hereinafter referred to as the "vehicle") in a general easterly direction along and about a Frontage Road in and about the Village of Downers Grove, County of Du Page in the State of Illinois. Catlin was then and there approached an unmarked Suburban Utility Vehicle (hereinafter referred to as the "S.U.V.") which was stopped at a stop sign. Because S.U.V. was not moving, Carlin decided to and attempted to drive around it. When he did, the S.U.V. accelerated as well, so Carlin continued to travel behind it. The two vehicles proceeded around an "S-curve" and slowed down for and stopped at a red traffic light. While waiting for the traffic light to turn green, Catlin noticed the front passenger door of the S.U.V. open slightly several times. Then, in his rear view he noticed an unmarked mini-van (hereinafter referred to as the "mini-van") approach from behind. When he looked up he saw two (2) large, uniformed, menacing looking males, one wearing a "Chicago Cubs" jersey and the other wearing a "Harley Davidson" shirt rushed him, and poised to attack him, yelled "Get off your bike! Get off your bike!" Before their yelling ceased and before Catlin had any opportunity to flee, dismount his vehicle, or protect himself, the two (2) males physically and without any provocation and employing excessive force, violently accosted and attacked him,

5

knocking him off his vehicle and the process smashing his vehicle throwing him approximately six feet to the street resulting in his head and face hitting the pavement so as to cause a contact lens to pop out of his right eye. In pain and fear for his life Catlin yelled out "Help! Help!" and then, noticing a female in the open mini-van, and confronted a large handgun pointed at him by one of the attackers, feared that he would be abducted. He then heard the males shout "Quit resisting! Quit Resisting!" which was the first indication he had of the possibility that his attackers might be police. The shouting prompted Catlin to yell franticly in reply as his arms were forced and wrists were handcuffed behind his back "You've got the wrong guy! You've got the wrong guy!" and desperately plead, "Let me see a badge! Show me a badge!" Ignoring his pleas, one male ordered him to "Roll over!" which he did. Then, the male ordered him "Get on your knees!" Getting on his knees the other male said, "You want to see a badge? There's your fucking badge! Mr. Patelli, you're under arrest." The other male then pulled Catlin to his feet, hereupon stated, " I don't know what you're taking about. I'm not 'Mr. Patelli,' check my I.D." One male responded, "Where is it? Catlin replied, "It's in my back pocket." The male took his wallet from his pocket and told him to get into the back of the mini-van. Still under gunpoint, Catlin complied. Thereafter, Catlin was uncuffed and released.

    14. That, on information and belief, all of above acts were committed pursuant to the express request and/or authorization and under the supervision, direction and/or control of City of Wheaton and/or the "Du Page County Task Force" and/or the County of DuPage and/or Sheriff Zaruba and/or City of Wheaton and/or the Wheaton Police and/or the "Du Page County Task Force" and/or the County of DuPage and/or Sheriff Zaruba and the Undercover Sheriff's Deputies.

6

15. That on information and belief and at all times relevant, each of the above-named Defendants were acting under color of law or were all acting jointly and/or in conspiracy with each other and/or other persons acting under color of law and without any Defendant having ever checked Catlin's identity or vehicle license plate registration of his vehicle or first having obtained any arrest or search arrest warrant with respect to Catlin and without having probable cause therefore, but in furtherance of the unlawful policy and acts and omissions herein alleged.

### COUNT I

(Deprivation of Civil Right - 42 U.S.C. § 1983)

1-15. Plaintiff realleges paragraph 1 through 15 as paragraphs 1 through 15 of this Count I.

16. That Defendants actions and omissions were committed under color of law.

17. That as a direct and proximate result of Defendant's foregoing act and omissions, Catlin suffered a wrongful public assault, arrest, battery, and false imprisonment and loss of liberty, great physical, emotional and mental shock, upset, pain, distress, anguish, public scorn, humiliation, and ridicule, great and permanent injuries to his head, face, spine, hands, arms legs and various and sundry parts of his body, medical and hospital expenses, property damage and vehicle repair expense and loss of its use of his vehicle, lost income and earning capacity, and loss and deprivation of his civil rights under the first, fourth, fifth, eight, and fourteenth amendments to the United States Constitution, which injuries continue to this day and will continue in the future.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit,

7

attorneys fee under 42 U.S.C. § 1988 and such other and further relief as may be proper in the premises.

## COUNT II
(Conspiracy to Violate Civil Rights - 42 U.S.C. § 1985)

1-17. Plaintiff realleges paragraph 1 through 17 of Count I as paragraphs 1 through 17 of this Count II.

18. That on information and belief, Defendants individually and in combination and conspiracy with each other, by their actions as set forth above committed certain overt acts as hereinabove set forth.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, attorneys fee under 42 U.S.C. § 1988 and such other and further relief as may be proper in the premises.

## COUNT III
(42 U.S.C. § 1983 Monell Claim)

1-18. Plaintiff realleges paragraph 1 through 18 of Count II as paragraphs 1 through 18 of this Count III.

19. That on information and belief, Defendant Field was at all time relevant, the Police Chief of the City of Wheaton, and was therefore, by operation of state law and as a matter of fact and practice, the final decision maker with regard to investigative, arrest, custodial, and administrative acts and decisions which Defendants made and/or participated in as well as their professional training in connection therewith.

20. These acts and decisions directly and proximately caused the constitutional violations, injuries and damages to Catlin hereinabove alleged and are directly chargeable to Defendant City of Wheaton because of Field's status as its agent, employee and final decision maker.

21. That, additionally and alternatively, upon information and belief, to Defendants City of Wheaton, the

"Du Page County Task Force", the County of DuPage and/or Sheriff Zaruba failed to adequately train and supervise their respective above named agents and employees with respect to proper investigatory procedure relating to, *inter alia*, identifying and confirming the identity and vehicles of persons whom they might accost, search and arrest and the proper use and limits of force on persons such as Catlin.

22. These policies, practices, customs and failures by Defendants directly and proximately caused the constitutional violations and injuries to Catlin, thereby making them directly chargeable to Defendants City of Wheaton, the "Du Page County Task Force", the County of DuPage and/or Sheriff Zaruba.

23. These policies, practices, and customs directly and proximately injured Catlin as hereinabove alleged.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, attorneys fee under 42 U.S.C. § 1988 and such other and further relief as may be proper in the premises.

### COUNT IV
(42 U.S.C. § 1983 Monell Claim)

1-18. Plaintiff realleges paragraph 1 through 18 of Count II as paragraphs 1 through 18 of this Count IV.

19. That on information and belief, Defendant Field, as Police Chief of the City of Wheaton, was, by operation of state law and as a matter of fact, the final decision maker with regard to administrative acts and decisions that Defendants made and/or participated in as hereinabove alleged and Defendant Zaruba, as Sheriff of the County of DuPage, was, by operation of state law and as a matter of fact, the final decision maker with regard to administrative acts and decisions that Defendants made and/or participated in as hereinabove alleged

20. These acts and decisions directly and proximately caused the constitutional violations, injuries and damages to Catlin hereinabove alleged and are directly chargeable to Defendant City of Wheaton because of Field's status as a final decision maker and to the County of DuPage because of Zaruba's status as a final decision maker.

21. That additionally and alternatively, upon information and belief, through Field, the City of Wheaton and DuPage County failed to adequately train its law enforcement personnel with respect to proper investigatory procedure relating to, among other things, properly identifying and distinguishing between criminal perpetrators and law abiding citizens so as no to subject innocent persons to unwarranted assault, battery, false arrest and imprisonment.

22. These policies, practices, customs and failures directly and proximately caused the constitutional violations and injuries to Catlin, thereby making them directly chargeable to the City of City of Wheaton and the Du Page County Task Force.

23. These policies, practices, customs and failures directly and proximately injured Catlin as hereinabove alleged.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, attorneys fee under 42 U.S.C. § 1988 and such other and further relief as may be proper in the premises.

PENDENT STATE COUNTS

COUNT V

(False Arrest)

1-17. Plaintiff realleges paragraph 1 through 17 of Count I as paragraphs 1 through 17 of this Count V.

18. That, on information and belief and at all times relevant, by their conduct the Defendants procured the false arrest, detention, and imprisonment of Catlin without probable cause.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

## COUNT VI
### (Negligence)

1-18. Plaintiff incorporates by reference paragraphs 1 though 18 of Count V as paragraphs 1 though 18 of this Count VI.

19. That by their conduct Defendants, their employees and agents were careless and negligent in one or more of the following ways:
   a. negligently selecting Catlin for arrest;
   b. negligently accosting and threatening Catlin;
   c. negligently knocking Catlin to the ground;
   d. negligently restraining Catlin;
   e. negligently damaging his vehicle;
   f. negligently training or failing to be trained in the proper procedures and use forbearance of the use of force against Catlin under the circumstances, and
   g. otherwise negligently employing excessive force against and making injurious contact with Catlin and his property.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, individually, jointly and severally, and that he be awarded general and compensatory damages in a sum in great excess of Seventy Five Thousand

11

($75,000.00) dollars, plus the costs of this suit, and such other and further relief as may be proper in the premises.

COUNT VII

(Willful, Reckless and Wanton Conduct)

1-18. Plaintiff incorporates by reference paragraphs 1 though 18 of Count V as paragraphs 1 though 18 of this Count VII.

19. That by their conduct Defendants, their employees and agents were willful, reckless and wanton in one or more of the following ways:

   a. willfully, recklessly and wantonly selecting Catlin for arrest;
   b. willfully, recklessly and wantonly accosting and threatening Catlin;
   c. willfully, recklessly and wantonly knocking Catlin to the ground;
   d. willfully, recklessly and wantonly restraining Catlin;
   e. willfully, recklessly and wantonly damaging Catlin's vehicle;
   f. willfully, recklessly and wantonly using excessive, violent and unnecessary force in accosting, arresting, restraining and knocking Catlin to the ground and making injurious contact with Catlin and his property; and
   g. otherwise willfully, recklessly and wantonly employing excessive force against and making injurious contact with Catlin and his property.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

## COUNT VII
### (Intentional Infliction of Mental and Emotional Distress)

1-18. Plaintiff realleges paragraph 1 through 18 of Count V as paragraphs 1 through 18 of this VII.

19. That, on information and belief and at all times relevant, by their conduct the Defendants intentionally and without regard for Catlin's emotional, physical or mental well being intentionally threatened, berated, assaulted, battered, falsely arrested and imprisoned Catlin when they knew or should have known him to be innocent of the any criminal activity.

20. That as a direct and proximate result of Defendants intentional conduct they inflicted great and recurrent psychological, mental and emotional fear, anguish, strain, stress, pain, humiliation, distress, suffering and damage on Catlin.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

## COUNT VIII
### (Negligent Infliction of Emotional Distress)

1-18. Plaintiff realleges paragraph 1 through 18 of Count I as paragraphs 1 through 118 of this Count VIII.

19. That, on information and belief and at all times relevant, by their conduct the Defendants negligently and without regard for Catlin's emotional, physical or mental well being intentionally threatened, berated, assaulted, battered, falsely arrested and imprisoned Catlin when they knew or should have known him to be innocent of the any criminal activity.

13

20. That as a direct and proximate result of Defendants negligently conduct they inflicted great and recurrent psychological, mental and emotional fear, anguish, strain, stress, pain, humiliation, distress, suffering and damage on Catlin.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

## COUNT IX
### (Common Law Assault)

1-18. Plaintiff realleges paragraph 1 through 18 of Count I as paragraphs 1 through 18 of this Count IX.

19. That, on information and belief and at all times relevant, by the foregoing acts and omissions Defendants intentionally assaulted Catlin placing him in reasonable and immediate fear of a battery.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

## COUNT X
### (Common Law Battery)

1-18. Plaintiff realleges paragraph 1 through 18 of Count I as paragraphs 1 through 18 of this Count X.

19. That, on information and belief, and at all times relevant, Defendants intentionally caused Catlin to suffer unpermitted, unwarranted and handcuffing, and other offensive bodily contact without his approval and consent as aforesaid.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

## COUNT XI

(Common Law Conspiracy)

1-18. Plaintiff incorporates by reference paragraphs 1 through 18 of Count I as paragraphs 1 though 18 of this Count XI.

19. That, on information and belief and at all times relevant, the conspiracy hereinabove alleged also constituted a conspiracy by the Defendants to falsely and wrongfully assaulted, arrested, detained, and injured Catlin and damaged his property as aforesaid, and intentionally or negligently inflicted upon him emotional and mental distress and pain and thereby causing him pain, suffering, fear and humiliation, loss of liberty and other losses as hereinabove described when they knew or should have known him to be innocent of any criminal wrongdoing.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

## COUNT XII

(Violations of Illinois Constitution)

1-18. Plaintiff Catlin incorporates by reference paragraphs 1 though 18 of Count I as paragraphs 1 though 18 of this Count XII.

19. The at all times relevant, the Illinois Constitution of 1970 provided, *inter alia*, due process,

15

search, arrest and seizure clauses concomitant with those of the United States Constitution.

20. Defendants conduct, acts, omissions, policies, customs, practices and failures were also violative under the aforementioned Illinois Constitution provisions.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, individually, jointly and severally, and that he be awarded general, compensatory and punitive damages in a sum in great excess of Seventy Five Thousand ($75,000.00) dollars, plus the costs of this suit, reasonable attorneys fees and such other and further relief as may be proper in the premises.

Jonathan A. Catlin, Plaintiff

By _____
Walter P. Maksym, his attorney

ATTORNEY'S RULE 11 CERTIFICATION

The undersigned attorney certifies that he has read the foregoing complaint, that to the best of his knowledge, information, and belief, formed after reasonable inquiry it is well grounded in fact the same is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

_____
Walter P. Maksym, Plaintiff's Attorney

Walter P. Maksym
Attorney at Law
2056 North Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923

## PLAINTIFF'S RULE 11 CERTIFICATION

The undersigned Plaintiff certifies, subject to the penalties provided by law, that he has read the foregoing instrument and that to the best of his knowledge, information, and belief, the matters stated therein are true in substance and fact except those matters which are alleged on information and belief, which he believes are true.

_____
Jonathan A. Catlin, Plaintiff

Walter P. Maksym
Attorney at Law
2056 North Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (773) 929-2923