**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JONATHAN A. CATLIN,<br><br>        Plaintiff,<br><br>    v.<br><br>DuPAGE COUNTY MAJOR CRIMES TASK FORCE, *et al.*,<br><br>        Defendants. | Case No. 04 C 2590<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jonathan Catlin (hereinafter, the "Plaintiff") filed the instant action under 42 U.S.C. § 1983 against DuPage County, the City of Wheaton, Illinois, and several of its officers (hereinafter, collectively, the "Defendants"), alleging that the officers violated Catlin's civil rights when they arrested him in the mistaken belief that he was Robert Ptak, a suspect upon whom the officers were trying to execute an arrest warrant. In addition to the federal claims, Catlin also brings various state law tort claims based on the injuries he received and damage done to his motorcycle in the ensuing fracas.

### I. BACKGROUND

Defendants filed a Motion for Summary Judgment in Fall 2005. After significant delay (including several missed deadlines and several extensions), Catlin finally filed a response which included

the opinion of a proffered "expert," Liutauras Dargis (hereinafter, "Dargis") as to the reasonableness of the officers' use of force. Defendants sought leave to depose Dargis, and finally did so (partially) in Fall 2006. After being told by Plaintiff that Dargis was not available to complete his deposition and another significant delay, Defendants brought a Motion to Strike Dargis' affidavit.

Defendants move to strike Dargis's affidavit on several bases, including that Dargis does not have sufficient relevant experience to be considered an expert. This Court agrees, and grants Defendants' motion to strike.

## II. **DISCUSSION**

Defendants argue that because Dargis admits that he has personal experience only in the context of a correctional facility, he is not qualified as an expert on the use of force during arrests made on the street. Before admitting expert testimony, a court must assess the reliability of that testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 at 593-94; *U.S. v. Conn*, 297 F.3d 548, 555-57 (7th Cir. 2002). A court must "reject any subjective belief or speculation." *Chapman v. Maytag Corp.*, 297 F.3d 682, 687 (7th Cir. 2002). A person with "relevant expertise enabling him to offer responsible opinion testimony helpful to judge or jury may qualify as an expert witness." *Tuf Racing*

*Products, Inc. v. American Suzuki Motor Corp.*, 223 F.3d 585, 591 (7th Cir. 2000).

This Court does not believe that Dargis has relevant experience that enables him to offer helpful opinion testimony. Some of Dargis' asserted experience and/or academic qualifications are clearly irrelevant to this case. For example, Dargis' experience as an FBI trained, qualified, and certified firearms instructor is irrelevant as his opinion is not being offered on the use of firearms. The remainder of Dargis' experience appears limited to the correctional context. Dargis has eighteen years of experience working for the Cook County Department of Corrections, but has never "worked the streets." He has never made a felony arrest on the street, has never executed an arrest warrant outside the confines of a jail, and has never witnessed a felony arrest on the street. Although Dargis has received instructor's credentials as a Police Public Safety Level One Instructor, Dargis admitted in his deposition that he has instructed almost entirely corrections officers and is not sure that the techniques that he taught are applied by police officers on the street (although he was so told by an unknown person at an unknown time). This Court does not believe that Dargis' (considerable) experience in the correctional context is relevant to the determination of the proper amount of force to be used during an on-the-street felony arrest.

Plaintiff argues that criminologists and academics often serve as expert witnesses in excessive force cases and that this Court should therefore excuse Dargis' lack of relevant experience. Granted, an academic could be qualified as an expert with no street experience, but this does not mean that a non-academic whose affidavit asserts that his opinion is based on his "professional training, experience and . . . knowledge of standard and accepted police procedures and protocols" could likewise be so qualified. It seems clear that Dargis is not an academic and therefore needs a base of experience on which to base his opinion – a base that his deposition and affidavit make clear that he does not have.

### III.  CONCLUSION

For the reasons stated herein, Defendants' Motion to Strike Dargis' Affidavit is granted.  The Motion for Summary Judgment pending before this Court is *still* not fully briefed; Defendants are ordered to file their Reply on or before July 6, 2007.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

**DATE:** June 19, 2007.